# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| CARL McDUFFIE, RONNELLA WILLIAMS, RONNESE WILLIAMS and LARONDA SCHAEFFER,<br>　　　　　　　　　　Plaintiff, | **AMENDED**<br>**FEDERAL COMPLAINT** |
| v. | Court Case No. 1:19-CV-1611 |
| CITY OF GREEN BAY, CITY OF GREEN BAY POLICE OFFICERS THOMAS BEHN, PAUL SPOERL, GARTH RUSSELL, MICHAEL RAHN, LIEUTENANT PAUL LEWIS, and JOHN/JANE DOES,<br>　　　　　　　　　　Defendants. | |

---

　　　　1.　　At all times pertinent hereto, Plaintiff CARL McDUFFIE ("McDuffie") was a resident of Green Bay, Wisconsin, and therefore subject to the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

　　　　2.　　At all times pertinent hereto, Plaintiff RONNELLA WILLIAMS was a resident of Green Bay, Wisconsin, and therefore subject to the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

　　　　3.　　At all times pertinent hereto, Plaintiff RONNESE WILLIAMS was a resident of Green Bay, Wisconsin, and therefore subject to the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

　　　　4.　　At all times pertinent hereto, Plaintiff LARONDA SCHAEFFER was a resident of Green Bay, Wisconsin, and therefore subject to the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

5. This Court has original jurisdiction over the parties and over the subject matter of this civil rights action under Title 42 USC § 1983, pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because the conduct giving rise to Plaintiff's claims occurred in this judicial district.

7. That Defendant Police Officers acted in their individual capacities as police officers employed by the City of Green Bay, Wisconsin, under color of state law, custom and usage, as follows:

    a. In effectuating the stop, handcuffing and unlawful detainment of Plaintiffs Ronnese Williams, Ronnella Williams and Laronda Schaeffer;

    b. In the arrest, tasing, and tackling of Plaintiff McDuffie;

    c. Failing to provide medical care for Plaintiff McDuffie after he was tased three times; and

    d. Incarceration in the Brown County Jail of Plaintiff McDuffie.

8. That Defendant Lieutenant PAUL LEWIS was acting in his individual capacity and in his capacity as a Lieutenant in the Green Bay Police Department and had direct supervisory duties over the Defendant Police Officers at the time of the incident.

9. That on or about February 26, 2017 at approximately 2:30 in the morning, the Plaintiffs were in a black SUV, parking said vehicle in the parking lot of an apartment building located at 1438 Admiral Court in Green Bay, Wisconsin.

10. None of the parties, including the Plaintiffs, were doing anything unlawful, nor was it apparent that there could be an articulable suspension that said individuals were violating the law in any respect.

11. That Plaintiff Laronda Schaeffer was driving the above-referenced vehicle, with Plaintiff Ronnella Williams also in the front passenger seat. Plaintiffs Carl McDuffie and Ronnese Williams were in the back seat of the vehicle.

12. The Defendant Police Officers THOMAS BEHN, PAUL SPOERL, GARTH RUSSELL and MICHAEL RAHN, (collectively "Police Officers") including any John/Jane Does, acted in concert in stopping; arresting; and placing each of the individuals in the vehicle under arrest and placing in a squad car, using excessive force.

13. That each of the Police Officers, including the named Defendants and the Jane and/or John Does, acted in concert to detain, arrest, handcuff and place in a squad car, at the time and place alleged in this Complaint, Plaintiffs Ronnella Williams, Ronnese Williams, and Laronda Schaeffer.

14. That at all times pertinent, Plaintiffs Ronnella Williams, Ronnese Williams, and Laronda Schaeffer committed no crime, traffic offense or had done anything illegal to justify Defendant John Doe/Jane Doe police officers to violate the 4th and 14th Amendments to the United States Constitution, as follows:

    a. The police officers, acting directly and in concert, stopped and approached plaintiffs without reasonable, articulable suspicion that there had been any violation of either the criminal or civil law;

    b. The said Plaintiffs were arrested by named and unnamed Defendants without probable cause;

    c. That each Plaintiff was required to hold their hands up and back towards said Defendants and were then placed in handcuffs and each were placed into said Defendants' squad cars.

15. That the named and unnamed Defendant Police Officers' conduct on February 26th, 2017, acted directly, purposefully, and intentionally violating clearly established law with respect to the detention; seizure; handcuffing; and being placed in squad cars, contrary to the 4th and 14th Amendments to the United States Constitution.

16. That with respect to said Defendants, named and unnamed, no reasonable police officer would have engaged in said conduct in violation of the 4th and 14th Amendments to the United States Constitution.

17. That with respect to Plaintiff Carl McDuffie, he was detained; arrested; tased; and placed in the Brown County Jail by said named Defendant police officers.

18. That Plaintiff Carl McDuffie's rights pursuant to the 4th and 14th Amendments to the United States Constitution were violated by Police Officers Thomas Behn, Paul Spoerl, Garth Russell, Michael Rahn and Lieutenant Paul Lewis.

19. That in addition, Defendant Police Officer Paul Spoerl, while Plaintiff Carl McDuffie was detained, deployed his taser at Plaintiff McDuffie, Defendant Officer Thomas Behn also deployed his taser at Plaintiff McDuffie, and Defendant Officer Spoerl also deployed his taser a second time at Plaintiff McDuffie, constituting excessive force contrary to the 4th and 14th Amendments to the United States Constitution.

20. That the deploying of the taser "darts" struck Plaintiff McDuffie without his consent and without reason or cause, thus constituting excessive force contrary to 4th and 14th Amendments to the United States Constitution, and he sustained injury as a result of said conduct.

21. That Police Officer Michael Rahn, after said Plaintiff McDuffie was tased, was in the process of taking Plaintiff McDuffie into custody and tackled him, causing further injury, without the Plaintiff's consent and constituting excessive force and injury contrary to the 4th and 14th Amendments to the United States Constitution.

22. That each and every named and unnamed Defendant Police Officers acted in concert in detaining, tasing and arresting Plaintiff McDuffie by placing him in handcuffs and placing him into an official police vehicle.

23. That Plaintiff McDuffie was also taken to the Brown County Jail where he was confined for four (4) days in custody before being released, having been arrested for allegedly obstruction of a police officer, said Complaint being issued by the Brown County District Attorney's office.

24. That on a date unknown, after February 26, 2017, and after Plaintiff McDuffie was placed into the Brown County Jail, the District Attorney dismissed the criminal complaint based upon the named Defendants' falsified police reports, as the statements of said Defendant Police Officers were inconsistent with the video tapes of said incident, including the arrest of Plaintiff McDuffie and the placing in custody of Plaintiffs Ronnella Williams, Ronnese Williams and Laronda Schaeffer.

25. That placing Plaintiff McDuffie in custody of the Brown County Jail, after violating his rights as alleged above, constitutes further evidence of an unlawful seizure and his incarceration was not based on violation of any criminal law, civil regulation or statute.

26. That on the way to the Brown County Jail, Defendants, named and unnamed, refused to take Plaintiff McDuffie to a hospital for the treatment of wounds suffered by being struck by "taser darts," such conduct being deliberately indifferent to the serious medical needs

of Plaintiff McDuffie contrary to the Due Process Clause of the 14th Amendment to the United States Constitution.

27. That the conduct of each of the Defendants on February 26, 2017 with respect to the Plaintiffs were intentional and purposeful and contrary to their rights under the 4th and 14th Amendments to the United States Constitution and, with respect to Plaintiff McDuffie, the Due Process Clause of the 14th Amendment to the United States Constitution.

28. That as a proximate cause of Defendants' conduct, named and unnamed, Plaintiff McDuffie suffered neurological injuries; anxiety and depression; and other pain and suffering, including permanent Post Traumatic Stress Disorder.

29. That as a proximate cause of the Defendants' actions, Plaintiffs Ronnese William, Ronnella Williams and Laronda Schaeffer, suffered pain, suffering, anxiety and depression on a temporary and permanent basis.

30. That with respect to all Plaintiffs, the named and unnamed Defendants maliciously and/or recklessly violated the Plaintiffs' constitutional rights as alleged in this Complaint justifying an award of punitive damages.

WHEREFORE, Plaintiffs ask the Court for the following relief:

a. Compensatory damages to each plaintiff in the amount to be determined by the jury;

b. That punitive damage be assessed in an amount to be determined by the jury;

c. Attorney's fees and litigation costs pursuant to 42 U.S.C. 1988; and

d. For any other further relief that the Court deems just and equitable.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated this 21st day of January, 2020

            By:   *electronically signed by Walter W. Stern III*
               ATTY. WALTER W. STERN, III
               Bar No. 1014060
               920 85th St., Suite 123
               Kenosha WI 53143
               Phone: (262) 880-0192/Fax: (262) 997-1101
               Email: wstern1@wi.rr.com